UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:22-CV-00053-JHM-HBB

**RODNEY HENRY CARTER**                                                          **PLAINTIFF**

**VS.**

**JEREMY LOGSDON, et al.**                                                  **DEFENDANTS**

**<u>ORDER</u>**
**<u>REPORT AND RECOMMENDATION</u>**

The undersigned recommends dismissal of the Complaint in this action, with prejudice, as follows:

Plaintiff Rodney Henry Carter filed this *pro se* action on April 20, 2022 (DN 1). The Scheduling Order in this case sets forth the following requirement: "[m]otions pertaining to unresolved discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged through his courtroom deputy . . ." (DN 21, p. 2). The purpose of this provision is to ensure the conservation of judicial resources, as many such disputes can be resolved informally without resorting to costly and time-delaying formal motion practice. Further, in the event formal motion practice is necessary, the conference can serve to help narrow the scope of matters which must be addressed in a motion.

In accordance with the Scheduling Order, Defense counsel contacted the Court to request a conference to discuss a disagreement over the taking of Plaintiff's deposition. The Court scheduled a telephonic conference to discuss the issue for April 6, 2023 (DN 23). Plaintiff contacted the undersigned's Case Manager and advised that he was on vacation at a location where he did not have reliable cell phone reception. Plaintiff further requested that the hearing be

conducted in-person. As an accommodation to Plaintiff, the hearing was rescheduled for after his vacation and in-person for April 19, 2023 (DN 24).

Thereafter, Plaintiff contacted the Case Manager and asked if he would be permitted to file a motion regarding discovery in advance of the hearing. The undersigned relayed to Plaintiff through the Case Manager that no motions should be filed in advance of the hearing and that any matters he wished to address would be discussed during the hearing as well. Plaintiff then responded with a demand that the conference be changed to telephonic, as he was unwilling to attend in-person if he could not file motions in advance.

It is within the Court's discretion to determine the scheduling and manner of hearings. In reviewing, Plaintiff's e-mail communications to the Case Manager, the undersigned was concerned about Plaintiff's understanding of the Federal Rules of Civil Procedure and willingness to abide by them. Specifically, it appeared Plaintiff was refusing to submit to a deposition and insisting that any questioning be conducted by interrogatory. Moreover, he insisted that he was unwilling to appear for a deposition at the office of Defense counsel and demanded a "neutral location." None of these demands are in keeping with the rules of procedure. The undersigned concluded that an in-person hearing was appropriate.

The undersigned issued an Order at DN 25 making clear that the in-person hearing set for April 19, 2023, remained scheduled. The Order also made clear that Plaintiff would be permitted to raise any scheduling or discovery issues he wished to discuss. The undersigned further warned Plaintiff that failure to attend the hearing and participate in good faith would result in a recommendation that his case be dismissed with prejudice. Plaintiff was dissatisfied with the Order and contacted the Case Manager requesting information on how to have a different Magistrate Judge assigned to the case. At the undersigned's direction, the Case Manager advised

him that the undersigned would explain the process for requesting recusal at the hearing. Plaintiff responded by e-mail to the Case Manager:

> I do not want this judge to hear anything else on my case . . . I am not going to wait and come in front of him on April 19 and he hears defendants. Complaint I have the right to ask for this judge to be removed. I cannot get fair and balance hearing and I will not proceed with him. His warning on my case and language in his order unnecessary steps over line. There is no excuse for his behavior. I did get education for his information. Plain unacceptable to wait until April 19 and come in front of judge I want removed. Waste time ridiculous. Unheard of. I WILL NOT PROCEED WITH THIS … JUDGE  I want a new judge appointment that is fair and balance he has showed his bias.

(capitalization in original).

As to Plaintiff's dissatisfaction with the Order, it appears to stem from the undersigned's expression of concern about his understanding of the rules of procedure. The positions Plaintiff has taken in his communications with the Case Manager demonstrate a lack of understanding of the rules, and one of the purposes of the hearing was to correct those misunderstandings. Further, Plaintiff was apparently offended that he was warned that failure to attend the hearing could result in sanctions, as his communications called into question his willingness to attend. Provision of such a warning is appropriate in instances in which a sanction may be imposed. *See* Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990).

Plaintiff has now indicated that he will not comply with the Order directing his attendance at the hearing. He has indicated a desire to have another Magistrate Judge preside in this matter, but even a motion to recuse does not operate as a stay on proceedings. *See* Gunn v. First Am. Fin. Corp., No. 13-174-RGA, 2014 U.S. Dist. LEXIS 108563, at *5-6 (D. Del. Aug. 7, 2014). Dismissal of an action is proper if the record demonstrates delay or contumacious conduct. "Contumacious conduct" refers to behavior that demonstrates resistance to authority and stubborn

3

disobedience.  Mager v. Wis. Central, Ltd., 924 F.3d 831, 837 (6th Cir. 2019).  Plaintiff's persistent conduct in this matter qualifies as contumacious.[1]

Order and Recommendation

**IT IS HEREBY ORDERED** the hearing scheduled for April 19, 2023, is **CANCELLED**. The undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

April 10, 2023

H. Brent Brennenstuhl
United States Magistrate Judge

---

[1] The undersigned further observes that Plaintiff took obstructive and dilatory positions in response to the Court's efforts to schedule the Rule 26 scheduling conference.  See DN 17.

NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  If a party has objections, such objections must be timely filed, or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).

April 10, 2023

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:    Rodney Henry Carter, *pro se*
              Counsel of Record