UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

RODNEY HENRY CARTER,     Plaintiff,

v.     Civil Action No. 4:22-cv-53-DJH-HBB

JEREMY LOGSDON and JOSHUA HORTON,     Defendants.

\* \* \* \* \*

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Rodney Henry Carter's objections (Docket No. 27) to Magistrate Judge H. Brent Brennenstuhl's Report and Recommendation that the action be dismissed with prejudice to sanction Carter for allegedly contumacious behavior. (D.N. 26) After careful consideration, and for the reasons set forth below, the Court will sustain in part the objections and adopt in part the Report and Recommendation.

**I.**

Carter sued Jeremy Logdson and Joshua Horton, claiming that they violated his First Amendment rights when Horton "went to the County Attorney Jeremy Logsdon and filed harassment charges against" Carter (D.N. 1, PageID.5), after Carter reported several health issues to Horton, the director of the Grayson County Health Department. (*Id.*, PageID.2, 8) Carter also appears to be suing both defendants for defamation. (*Id.*, PageID.6) The Report and Recommendation arises from proceedings to resolve a conflict over the taking of Carter's deposition.[1] Judge Brennenstuhl set the matter for a hearing on April 19, 2023, to address the

---

[1] The Court adopts the factual background contained in the Report and Recommendation since Carter does not dispute the events that led to the recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Much of the background described in this Memorandum and Order is also reflected in the docket. (*See* D.N. 23; D.N. 24; D.N. 25)

1

discovery dispute and denied Carter's requests to file a motion in advance of the hearing and to convert the hearing to a telephonic conference if no motion was allowed.[2]  (D.N. 24; D.N. 25, PageID.78-79)  Judge Brennenstuhl further warned Carter that failure to appear as scheduled on April 19, 2023, would result in a recommendation that the action be dismissed with prejudice.  (D.N. 25, PageID.79)  Carter then contacted Judge Brennenstuhl's case manager to insist that Judge Brennenstuhl recuse himself for alleged bias against Carter and to announce his intention to boycott the hearing.  (D.N. 26, PageID.81-82)  In response, Judge Brennenstuhl recommended that Carter's complaint be dismissed with prejudice as a sanction for contumacious conduct.  (*Id.*)  Carter timely objected to the Report and Recommendation's findings that his behavior was contumacious and that dismissal with prejudice was the appropriate sanction.  (D.N. 27)

## II.

When reviewing a report and recommendation, the Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  The Court may adopt without review any portion to which no objection is made.  *See Thomas*, 474 U.S. at 150.  Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Accordingly, the Court will review de novo the portions of Judge Brennenstuhl's Report and Recommendation to which Carter objects.

Carter first objects to the finding that his behavior was contumacious.  (D.N. 27) Contumacious conduct is behavior that is "perverse in resisting authority and stubbornly disobedient." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).  Carter

---

[2] The hearing was initially set as a telephonic conference on April 6, 2023, but was rescheduled for April 19 and changed to an in-person hearing at Carter's request.  (D.N. 24)

sent a highly inappropriate and disrespectful email to Judge Brennenstuhl's case manager in response to an Order that warned Carter that his behavior was concerning to the court and would result in dismissal if it continued. (D.N. 26, PageID.82 ("Plain unacceptable to wait until April 19 and come in front of judge I want removed. Waste time ridiculous. Unheard of. I WILL NOT PROCEED WITH THIS . . . JUDGE."); *see* D.N. 25, PageID.79 ("In reviewing the Plaintiff's e-mail communications to the Case Manager, the undersigned is concerned about the Plaintiff's understanding of the Federal Rules of Civil Procedure and willingness to abide by them. . . . Plaintiff is warned that failure to appear at the hearing and participate in good faith will result in a recommendation that his case be dismissed with prejudice.")) The Court has little difficulty in concluding that Carter's behavior amounted to contumacious conduct. *See Schafer*, 529 F.3d at 737.

The question remains, however, whether dismissal with prejudice was the appropriate sanction. Carter argues that the Recommendation improperly called for dismissal with prejudice before he had the opportunity to carry out, or abandon, his threat to boycott the April 19 hearing. (D.N. 27, PageID.89 ("Plaintiff should have been given the opportunity to appear at the April 19th hearing and the Magistrate Judge could have then made his recommendation if the plaintiff did not appear.")) Dismissal is an appropriate sanction for contumacious conduct, particularly where the plaintiff has been warned that continued defiance will result in dismissal. *See Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 840 (6th Cir. 2019) ("When 'a plaintiff has not been given notice that dismissal is contemplated, a district court should impose a penalty short of dismissal unless the derelict party has engaged in bad faith or contumacious conduct.'" (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997))); *Freeland v. Amigo*, 103 F.3d 1271, 1280 (6th Cir. 1997) ("[I]n the absence of contumacious conduct, an alternate sanction that would protect

3

the integrity of pretrial procedures should be utilized rather than dismissal with prejudice."). But courts should also weigh four factors when determining whether dismissal with prejudice is appropriate: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013); *see also Harmon*, 110 F.3d at 366–67.

As discussed above, Carter was willfully disrespectful to the Court; the first factor is therefore met. *See Carpenter*, 723 F.3d at 704; *Harmon*, 110 F.3d at 366-67. The record does not, however, reflect any prejudice to the defendants from Carter's conduct, which consisted of communications with the magistrate judge's chambers about an upcoming—and preemptively canceled—hearing. (D.N. 26; *see Carpenter*, 723 F.3d at 704; *cf. Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1078 (6th Cir. 1990) (finding that entering judgment against the defendants was appropriate where the defendants failed to appear for their depositions at least seven times over two years)) While Carter was warned that failure to cooperate would lead to dismissal, he did not have the chance to engage in the conduct that he was warned would result in dismissal because Judge Brennenstuhl issued the Report and Recommendation before the hearing took place. (D.N. 26; *see Carpenter*, 723 F.3d at 704) Finally, apart from the warning, there is no indication that Judge Brennenstuhl considered or imposed lesser sanctions before recommending dismissal with prejudice. *See Carpenter*, 723 F.3d at 704; *cf. Abbe*, 916 F.2d at 1078 (noting with approval that the district court delayed ruling on plaintiff's motion for sanctions to allow defendants to comply with discovery even after defendants had defied the court's compulsion order for a year and a half). If the hearing had taken place and Carter had disregarded the warning and failed to

4

attend as ordered, dismissal with prejudice would clearly be appropriate. *Carpenter*, 723 F.3d at 704. Because the Recommendation came before Carter had the chance to violate any order or warning, however, dismissal with prejudice appears too harsh a sanction. *See id.*; *Harmon*, 110 F.3d at 366-67; *Abbe*, 916 F.2d at 1078.

In light of the conclusions reached above, the Court will adopt the Report and Recommendation to the extent that it concludes that dismissal is warranted but sustain the Objection to dismissal with prejudice.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Carter's objections to the Recommendation (D.N. 27) are **SUSTAINED in part**. The Recommendation (D.N. 26) is **ADOPTED** to the extent that it recommends dismissal as a sanction for Carter's conduct and **OVERRULED** as to dismissal with prejudice.

(2) This action is **DISMISSED** without prejudice. Any motion to reopen the case shall be filed within **twenty-one (21) days** of entry of this Memorandum and Order.

September 6, 2024

David J. Hale, Judge
United States District Court